**IN THE UNITED ST ATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD M. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 1178 |
| | ) | |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | |
| FRANK DIAZ, WILLIAM THOMAS, | ) | |
| SALVADOR GODINEZ, GILBERTO | ) | |
| ROMERO, THOMAS DART, KEVIN | ) | |
| SIMMS, MORGHOOB KAHN, Ph.D., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS
KHAN AND SIMS' MOTION TO DISMISS
COUNT II OF PLAINTIFF'S AMENDED COMPLAINT**

Count II of Plaintiff's Second Amended Complaint against Cermak Defendants Dr. Marghoob Khan (misspelled "Kahn" in the caption) and Physician's Assistant Kevin Sims (misspelled "Simms" in the caption) fails to state a claim upon which relief can be granted. The complaint contains no allegations that would establish a plausible claim that either of the Cermak Defendants was culpable for and personally participated in Plaintiff's alleged constitutional deprivations.[1] Plaintiff contends that he suffered two Constitutional wrongs: a cancelled surgery date for his broken finger and a subsequent delay in transferring him to Stroger Hospital for surgery. Aside from the formulaic recitation of ¶ 57 that is addressed to all defendants, Plaintiff has not identified any one thing that the Cermak Defendants did or did not do to contribute to the cancelled surgery. Plaintiff instead appears to concede that he is not attempting to blame the cancelled surgery on Khan or Sims. Memorandum in Opposition at 4. Plaintiff also has pled no

---

[1] Although the Cermak Defendants' motion to dismiss was directed toward the First Amended Complaint, the changes incorporated into the Second Amended Complaint at paragraphs 62 and 63 apply only to the Sheriff Defendants. The Cermak Defendants' arguments in support of dismissal apply equally to the Second Amended Complaint.

facts to show any personal involvement or culpability by the Cermak Defendants in any delay in moving Plaintiff to Stroger Hospital. To the contrary, Plaintiff's allegations with respect to the Cermak Defendants set forth their representations that they actually were attempting to get Plaintiff to Stroger Hospital. ¶¶ 34 & 36, Exs. C & D. Plaintiff's claim against the Cermak Defendants also is defeated by affirmative matters contained within his own pleading. For these reasons, Count II should be dismissed with respect to Khan and Sims.

### A.    This Court's Review Under §1915A Does Not Preclude the Defendants' Motions to Dismiss.

In response to the pending motions to dismiss, Plaintiff first attempts to hide behind the Court's preliminary review of the initial complaint mandated under 28 U.S.C. §1915A, essentially asserting a "law of the case" argument. Memorandum in Opposition at 2. "The doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit. . . . But it is no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket." *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1227 (7th Cir. 1995) (citations omitted). The doctrine is intended to promote fairness, consistency and economy in judicial proceedings: "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153-54 (1979). "Law of the case" is similar to issue preclusion. 18-134 *Moore's Federal Practice - Civil* § 134.20[1].

Like other types of preclusion, the law of the case doctrine presumes that the party against whom it is being asserted had a full and fair opportunity to litigate the issue the first time. *See Montana,* 440 U.S. at 153-54. Plaintiff's attempt to assert the doctrine fails here because the

Cermak Defendants had no prior opportunity to raise arguments attacking the complaint and this Court conducted its §1915A review without argument from the defendants. In that review, the arguments asserted by the Cermak and Sheriff Defendants in their current motions were not raised or necessarily considered. To assume that a neutral judge acting under §1915A will always contemplate the same arguments that a zealous, partisan lawyer would assert under Rule 12(b)(6) would negate a defendant's right to raise a defense.

Under Rule 12(b)(6), the Cermak Defendants have a right to challenge the sufficiency of the complaint and receive a ruling on the merits of their challenge. They have not challenged the complaint prior to the instant motion. The pending motions are not barred as law of the case and Plaintiff's attempt to use §1915A as a shield against proper Rule 12(b)(6) analysis is not warranted by existing law.

**B. Dismissal of Plaintiff's §1983 Deliberate Indifference Cause of Action Against Khan or Sims Is Consistent with the Decisions upon which Plaintiff Relies.**

In his opposition brief, Plaintiff places great reliance on the Seventh Circuit's decision in *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009). Such reliance is misplaced. In *Burks*, the court addressed the dismissal of an inmate's deliberate indifference suit against, among others, the head of a prison's medical center and the employee responsible for the administration of the prison's complaint review process. The plaintiff in *Burks*, an inmate at the Milwaukee Secure Detention Facility, claimed that he did not receive necessary eye treatment by the in-house medical staff. *Burks*, 2007 U.S. Dist. LEXIS 59920, *1-2 (E.D. Wis. Aug. 14, 2007) (Griesbach, J.). The Seventh Circuit upheld the dismissal of the suit against the complaint administrator (and five other defendants) but reversed with respect to the medical director. In so ruling, the court

emphasized the underlying premise of §1983 liability, that public employees have liability only to the extent that they are personally responsible for the alleged violation. *Burks,* 555 F.3d at 594. The court explicitly rejected the theory relied upon by the current Plaintiff that a cause of action can be premised upon knowledge alone: "The assumption . . . that anyone who knew or should have known of [the plaintiff's] . . . condition, and everyone higher up in the bureaucratic chain must be liable, is a bad one." *Id.* at 593.

The court nevertheless reversed the dismissal of the medical director, explaining that "[a] prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted." *Id.* at 594. While that standard was met as to the medical director in *Burks*, the allegations in Plaintiff's Second Amended Complaint satisfy none of the three elements emphasized by the Seventh Circuit.

First, there is no allegation that Plaintiff repeatedly alerted the named Cermak Defendants of a serious medical need. Per the Second Amended Complaint, Plaintiff wrote Dr. Khan <u>one</u> letter and <u>maybe</u> spoke with him once. ¶¶ 32, 34. As for Sims, who is not a doctor, Plaintiff claims he wrote Sims one letter and spoke with Sims either once or at most twice about his finger. ¶¶ 32, 34, 36. And while Plaintiff alleged that he sent multiple request slips and letters to doctors at Cermak (¶ 33), he nowhere claims that Khan or Sims saw or should have seen any of these documents.

Additionally, there is no allegation that either Khan or Sims "did nothing in response" to Plaintiff's concerns. All that Plaintiff alleges as to the Cermak Defendants is that he was not sent to Stroger Hospital, not that it was their responsibility to arrange for such a transfer or their fault that it did not occur.

The Seventh Circuit in *Burks* also emphasized that the plaintiff alleged that a permanent injury resulted from the defendants' conduct. The plaintiff in *Burks* suffered permanent vision loss as a result of the alleged conduct. Plaintiff pleads no such injury here.

For these reasons, Plaintiff's reliance on the portion of the *Burks* decision addressing the reinstatement of the claim against the medical director should not rescue his complaint against the Cermak Defendants. Instead, the portion of *Burks* most on point with the allegations against the Cermak Defendants is the section that affirms the dismissal of the complaint administrator. As with Burks' claim against the complaint administrator, Plaintiff's allegations against the Cermak Defendants "manifest . . . only attention to [their] role in the prison's operations." *Burks*, 555 F.3d at 595. There no allegation in the Second Amended Complaint that in any way links Khan or Sims to the alleged failure to transfer Plaintiff to Stroger Hospital for treatment. As the court emphasized in *Burks*, "Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Burks*, 555 F.3d at 595. Plaintiff does not allege that it was the Cermak Defendants' responsibility to ensure that Plaintiff was transferred for treatment and also does not allege that they violated any such responsibility. Plaintiff accordingly fails to satisfy the pleading requirements for a deliberate indifference claim against the Cermak Defendants.

The present suit also is unlike the complaint at issue in *Diaz v. Hart*, 2010 U.S. Dist. LEXIS 20671 (N.D. Ill. Mar. 8, 2010) (Lefkow, J.). In *Diaz*, the court denied a motion to dismiss a deliberate indifference complaint against Physician's Assistant Sims and the medical directors and policy makers of the Cermak facility. With respect to Sims, the *Diaz* complaint made specific allegations that Sims refused to authorize medication and failed to schedule a

follow-up appointment—the type of allegations that are completely lacking in the current complaint. The court denied the policymakers' motion on the grounds that Diaz had adequately alleged their involvement in the establishment of policies that he claimed caused his injuries. There are no such policymaker allegations against either of the Cermak Defendants in the current suit. As illustrated by the *Burks* and *Diaz* decisions, a court should not dismiss a §1983 deliberate indifference complaint when the allegations spell out the grounds of the plaintiff's claim against the defendants and plausibly suggest a right to relief. Where, as here, a plaintiff fails to give the defendants fair notice of his cause of action and fails to articulate a plausible right to relief, dismissal is the appropriate response.

### C. The Defense Raised In Plaintiff's Second Amended Complaint Should Compel Its Dismissal.

Plaintiff does not contest the principle that a plaintiff can plead himself out of court by asserting facts that support a defense to his claim and undermine his cause of action. *Curry v. Bethany Hospital*, 2006 U.S. App. LEXIS 27336, *9 (7th Cir. Nov. 1, 2006)(finding that the complaint established a statute of limitations defense); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (addressing whether the complaint established a failure to exhaust defense). Here, Plaintiff has included as a part of his pleading a key fact that contradicts and undermines his cause of action: Cermak employees such as Dr. Khan and Mr. Sims are not responsible for scheduling appointments at Stroger Hospital for detainees (¶ 24 and Ex. L). This is not a fact first raised by the Cermak Defendants. This fact arises from Plaintiff's own pleading. Plaintiff should not now be permitted to avoid the effect of his inconsistent pleading by characterizing the result as a "factual dispute." Memorandum in Opposition at 5. Plaintiff

has asserted a fact that establishes a viable defense for the Cermak Defendants and this Court accordingly should dismiss Count II as to the Cermak Defendants.

### D.    Conclusion

As the United States Supreme Court has held, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). To sustain a §1983 claim for deliberate indifference, a complaint must contain allegations sufficient to establish a plausible claim of intentional or reckless conduct, where "'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Brownell v. Figel*, 950 F.2d 1285, 1290 (7th Cir. 1991)(affirming an award of summary judgment in favor of defendants). The allegations against the Cermak Defendants come nowhere near the standard of criminal recklessness that is necessary to maintain a deliberate indifference suit. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As a result, Count II should be dismissed as to the Cermak Defendants.

Respectfully submitted,
ANITA ALVAREZ
Cook County State's Attorney

By:    /s/ Kent S. Ray
Kent S. Ray, # 6188633
Assistant State's Attorney
69 West Washington,
Suite 2030
Chicago, IL  60602
(312) 603-1427